# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TECHNICAL INDUSTRIES, INC. )<br>)<br>    Plaintiff, )<br>VERSUS )<br>)<br>NATIONAL OILWELL VARCO, INC. )<br>a Delaware Corporation, and DOES 1-10, )<br>inclusive )<br>)<br>    Defendants. )<br>) <br>****************************************** | CIVIL ACTION NO. _____<br><br><br><br>JUDGE _____<br><br><br><br><br>MAGISTRATE JUDGE _____ |

## COMPLAINT

Plaintiff Technical Industries, Inc. ("Plaintiff" or "Technical") hereby pleads and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for willful patent infringement under the Patent Act of the United States, including 35 U.S.C. § 271.

2. This Court has subject matter jurisdiction over the patent claims herein under 28 U.S.C. §§ 1331, 1338(a). This Court has supplemental jurisdiction over any claims in this action that arise under state statutory and common law pursuant to 28 U.S.C. § 1367 in that any such claims that may arise under state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3. Venue over these claims is proper in this judicial district pursuant to 28 U.S.C. §§ 1400(b) and 1391(b) and (c) because, among other reasons, Defendant National Oilwell Varco, Inc. ("Defendant" or "NOV") is subject to personal jurisdiction in this judicial district, and has committed acts of infringement in this judicial district.

## THE PARTIES

4. Plaintiff Technical Industries, Inc. is a corporation organized and existing under the laws of the State of Louisiana having a principal address at 3639 Ambassador Caffery, Suite 530, Lafayette, Louisiana 70503.

5. Plaintiff is the sole owner of the following:

   a) U.S. Patent No. 7,263,887 ("the '887 Patent") entitled "METHOD FOR INSPECTION OF METAL TUBULAR GOODS" issued September 4, 2007;

   b) U.S. Patent No. 7,401,518 ("the '518 Patent") entitled "METHOD FOR INSPECTION OF METAL TUBULAR GOODS" issued July 22, 2008;

   c) U.S. Patent No. 7,552,640 ("the '640 Patent") entitled "METHOD FOR INSPECTION OF METAL TUBULAR GOODS" issued June 30, 2009; and

   d) U.S. Patent No. 7,997,138 ("the '138 Patent") entitled "METHOD FOR INSPECTION OF METAL TUBULAR GOODS" issued August 16, 2011.

6. Plaintiff is informed and believes, and on that basis alleges, that Defendant NOV, is, and at all relevant times was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 7909 Parkwood Circle Drive, Houston, Texas 77036-6565.

7. Plaintiff lacks knowledge regarding the true names and capacities, whether individuals, corporations, partnerships, joint ventures, sole proprietorships or otherwise, of Defendants Does 1 through 10, inclusive, and therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to show the true names and capacities of said Doe Defendants when they become known. Plaintiff is informed and believes, and on that basis alleges, that each fictitiously named Defendant is responsible in some manner for the occurrences and wrongdoing herein alleged and that Plaintiff's damages were proximately caused by said Defendants' acts.

8. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants was the agent, alter ego, servant, co-conspirator and/or representative of each of the

of the other remaining Defendants and at all times herein relevant was acting within the authorized scope and course of said agency, conspiracy and employment and all of said acts, conduct or omissions were subsequently ratified by the respective principals and accepted by the principals of the corporate Defendants.

## BACKGROUND FACTS

9. Technical, which was originally established in 1971, provides a variety of goods and services to the oil and gas industry.

10. Among such services, Technical provides full function, full length ultrasonic pipe inspection services to various companies.

11. Technical was the first company to develop and offer wall mapping technology that provides a comprehensive and detailed ultrasonic inspection of pipe and other tubular goods.

12. Such services are crucial to confirming quality of pipe and other tubular goods used in drilling, completion and pipe line operations and, particularly, deep water operations and critical applications.

13. Technical is the record title owner by assignment of the '887 Patent, the '518 Patent, the '640 Patent, and the '138 Patent.

## FIRST CAUSE OF ACTION – PATENT INFRINGEMENT ('887 PATENT)

14. Plaintiff incorporates the allegations of paragraphs 1 through 13 as though fully set forth herein.

15. Plaintiff Technical is the sole and exclusive owner of the entire right, title and interest in and to the '887 Patent, entitled "METHOD FOR INSPECTION OF METAL TUBULAR GOODS" issued September 4, 2007. A copy of the '887 Patent is attached hereto as Exhibit "A."

16. As the sole and exclusive owner of the '887 Patent, Plaintiff Technical has the right to pursue all rights, remedies and or causes of action for any infringement thereof.

17. Upon information and belief, Defendant NOV has infringed and is currently infringing the '887 Patent in violation of 35 U.S.C. § 271 by making, using and/or offering, within the United States, products and processes embodying the invention claimed in the '887 Patent.

18. Upon information and belief, such actions of infringement by Defendant NOV include, without limitation, providing tubular wall mapping and other ultrasonic testing services in violation of the '887 Patent.

19. Upon information and belief, Defendant NOV has infringed and is currently infringing the '887 Patent by contributing to the infringement of the '887 Patent by others and by inducing others to infringe the '887 Patent.

20. Defendant NOV has actual knowledge of the '887 Patent.

21. Defendant NOV's infringement of the '887 Patent has been and continues to be willful and deliberate. The deliberate and willful acts of Defendant makes this an exceptional case pursuant to 35 U.S.C. § 285.

22. Plaintiff Technical has been injured and damaged, and will continue to be injured and damaged, by Defendant NOV's infringement of the '887 Patent. Defendant's infringement has caused, and will continue to cause, irreparable harm to Plaintiff unless and until enjoined by this Honorable Court.

**SECOND CAUSE OF ACTION – PATENT INFRINGEMENT ('518 PATENT)**

23. Plaintiff incorporates the allegations of paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff Technical is the sole and exclusive owner of the entire right, title and interest in and to the '518 Patent, entitled "METHOD FOR INSPECTION OF METAL TUBULAR GOODS" issued July 22, 2008. A copy of the '518 Patent is attached hereto as Exhibit "B."

25. As the sole and exclusive owner of the '518 Patent, Plaintiff Technical has the right to pursue all rights, remedies and or causes of action for any infringement thereof.

26. Upon information and belief, Defendant NOV has infringed and is currently infringing the '518 Patent in violation of 35 U.S.C. § 271 by making, using and/or offering, within the United States, products and processes embodying the invention claimed in the '518 Patent.

27. Upon information and belief, such actions of infringement by Defendant NOV include, without limitation, providing tubular wall mapping and other ultrasonic testing services in violation of the '518 Patent.

28. Upon information and belief, Defendant NOV has infringed and is currently infringing the '518 Patent by contributing to the infringement of the '518 Patent by others and by inducing others to infringe the '518 Patent.

29. Defendant NOV has actual knowledge of the '518 Patent.

30. Defendant NOV's infringement of the '518 Patent has been and continues to be willful and deliberate. The deliberate and willful acts of Defendant makes this an exceptional case pursuant to 35 U.S.C. § 285.

31. Plaintiff Technical has been injured and damaged, and will continue to be injured and damaged, by Defendant NOV's infringement of the '518 Patent. Defendant's infringement has caused, and will continue to cause, irreparable harm to Plaintiff unless and until enjoined by this Honorable Court.

### THIRD CAUSE OF ACTION – PATENT INFRINGEMENT ('518 PATENT)

32. Plaintiff incorporates the allegations of paragraphs 1 through 31 as though fully set forth herein.

33. Plaintiff Technical is the sole and exclusive owner of the entire right, title and interest in and to the '640 Patent, entitled "METHOD FOR INSPECTION OF METAL

TUBULAR GOODS" issued June 30, 2009.  A copy of the '640 Patent is attached hereto as Exhibit "C."

34.     As the sole and exclusive owner of the '640 Patent, Plaintiff Technical has the right to pursue all rights, remedies and or causes of action for any infringement thereof.

35.     Upon information and belief, Defendant NOV has infringed and is currently infringing the '640 Patent in violation of 35 U.S.C. § 271 by making, using and/or offering, within the United States, products and processes embodying the invention claimed in the '640 Patent.

36.     Upon information and belief, such actions of infringement by Defendant NOV include, without limitation, providing tubular wall mapping and other ultrasonic testing services in violation of the '640 Patent.

37.     Upon information and belief, Defendant NOV has infringed and is currently infringing the '640 Patent by contributing to the infringement of the '640 Patent by others and by inducing others to infringe the '640 Patent.

38.     Defendant NOV has actual knowledge of the '640 Patent.

39.     Defendant NOV's infringement of the '640 Patent has been and continues to be willful and deliberate.  The deliberate and willful acts of Defendant makes this an exceptional case pursuant to 35 U.S.C. § 285.

40.     Plaintiff Technical has been injured and damaged, and will continue to be injured and damaged, by Defendant NOV's infringement of the '640 Patent.  Defendant's infringement has caused, and will continue to cause, irreparable harm to Plaintiff unless and until enjoined by this Honorable Court.

## FOURTH CAUSE OF ACTION – PATENT INFRINGEMENT ('138 PATENT)

41.     Plaintiff incorporates the allegations of paragraphs 1 through 40 as though fully set forth herein.

42. Plaintiff Technical is the sole and exclusive owner of the entire right, title and interest in and to the '138 Patent, entitled "METHOD FOR INSPECTION OF METAL TUBULAR GOODS" issued August 16, 2011. A copy of the '138 Patent is attached hereto as Exhibit "D."

43. As the sole and exclusive owner of the '138 Patent, Plaintiff Technical has the right to pursue all rights, remedies and or causes of action for any infringement thereof.

44. Upon information and belief, Defendant NOV has infringed and is currently infringing the '138 Patent in violation of 35 U.S.C. § 271 by making, using and/or offering, within the United States, products and processes embodying the invention claimed in the '138 Patent.

45. Upon information and belief, such actions of infringement by Defendant NOV include, without limitation, providing tubular wall mapping and other ultrasonic testing services in violation of the '138 Patent.

46. Upon information and belief, Defendant NOV has infringed and is currently infringing the '138 Patent by contributing to the infringement of the '138 Patent by others and by inducing others to infringe the '138 Patent.

47. Defendant NOV has actual knowledge of the '138 Patent.

48. Defendant NOV's infringement of the '138 Patent has been and continues to be willful and deliberate. The deliberate and willful acts of Defendant makes this an exceptional case pursuant to 35 U.S.C. § 285.

49. Plaintiff Technical has been injured and damaged, and will continue to be injured and damaged, by Defendant NOV's infringement of the '138 Patent. Defendant's infringement has caused, and will continue to cause, irreparable harm to Plaintiff unless and until enjoined by this Honorable Court.

WHEREFORE, Plaintiff Technical Industries, Inc. respectfully prays for judgment in its favor and against defendant as follows:

a) That Defendant National Oilwell Varco, Inc. has infringed U.S. Patent Nos. 7,263,887; 7,401,518; 7,552,640 and 7,997,138.

a) That Defendant National Oilwell Varco, Inc. be ordered to account for and pay to Plaintiff the damages to Plaintiff arising out of Defendant's infringing activities, together with interest and costs;

b) That the infringement by Defendant National Oilwell Varco, Inc. be adjudged willful and that the damages to Plaintiff be increased under 35 U.S.C. § 284 to three times the amount found or measured;

c) That Defendant National Oilwell Varco, Inc. and their agents, servants, officers, directors, employees, and all persons or entities acting in concert with Defendant directly or indirectly, be enjoined from infringing, inducing the infringement of or contributing to the infringement of Patent Nos. 7,263,887; 7,401,518; 7,552,640 and 7,997,138;

d) That this be adjudged an exceptional case and that Plaintiff be awarded its attorneys' fees in this action pursuant to 35 U.S.C. § 285;

e) That Defendant National Oilwell Varco, Inc. has engaged in unfair trade practices, and that Plaintiff be awarded damages; and

f) That Plaintiff Technical Industries, Inc. be awarded such other and further relief as this Honorable Court deems just and proper.

Dated:  November 24, 2015                    Respectfully submitted:

  s/Ted M. Anthony
Ted M. Anthony, LA Bar Roll No. 21446 (T.A.)
Sarah B. DuPont, LA Bar Roll No. 35048
BABINEAUX, POCHÉ, ANTHONY
    & SLAVICH, L.L.C.
P. O. Box 52169
Lafayette, LA  70505-2169
Telephone:  (337) 984-2505
Fax:  (337) 984-2503
Email:  tanthony@bpasfirm.com
        sdupont@bpasfirm.com

and

Gerald deLaunay, LA Bar Roll No. 4835
Perrin Landry deLaunay
P. O. Box 53597
Lafayette, Louisiana 70505
Telephone:  (337) 237-8500
delaunay@plddo.com

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TECHNICAL INDUSTRIES, INC. ) | CIVIL ACTION NO. _____ |
| ) | |
| Plaintiff, ) | |
| VERSUS ) | |
| ) | JUDGE _____ |
| NATIONAL OILWELL VARCO, INC. ) | |
| a Delaware Corporation, and DOES 1-10, ) | |
| inclusive ) | |
| ) | |
| Defendants. ) | MAGISTRATE JUDGE _____ |
| ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**<u>VERIFICATION</u>**

STATE OF LOUISIANA

PARISH OF LAFAYETTE

I, George M. Sfeir, am an officer and duly authorized representative of Technical Industries, Inc., Plaintiff in the above titled and numbered Complaint. I have read and reviewed the Complaint, and all of the allegations contained therein are true and correct to the best of my knowledge and belief.

_____
GEORGE M. SFEIR
